```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

SHAWN SOUTHERLAND,                  :
                                    :    Civil Action No. 10-3134 (DRD)
            Petitioner,             :
                                    :
       v.                           :    **NOTICE and ORDER**
                                    :
GOVERNOR CHRIS CHRISTIE,            :
et al.,                             :
                                    :
            Respondents.            :

    IT APPEARING THAT:

    1.  You have filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254.  This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify you of the following consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give you an opportunity to file one all-inclusive § 2254 Petition.

    2.  Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C.

§ 2244(d). Absent extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed. See 28 U.S.C. § 2244 (b).

3. This one all-inclusive § 2254 Petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules. See 28 U.S.C. § 2254 Rule 2(c) & (d).

4. The district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See Henderson v. Frank, 155 F. 3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993). Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all three levels of New Jersey courts. See O'Sullivan

v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509 (1982).

 5. It is not apparent to the Court whether you intend the Petition you filed to be your one all-inclusive § 2254 Petition. Therefore, you may now tell the Court how you want to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Notice and Order.

  a. Have your pending § 2254 Petition ruled upon as filed; or

  b. Withdraw your pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

 6. If you choose option 5.a. above and this Court decides the merits of your claims, then you will lose your ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

 If you choose option 5.b. above and your original Petition was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date you handed your original Petition to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Under these circumstances, if your original § 2254 Petition was filed within the one-year

limitations period, you will have the 45-day response period plus any time remaining within your one-year statute of limitations period (as of the date you filed your original application) to draft and file your one all-inclusive § 2254 Petition.

    7.   This Court makes no finding as to the timeliness of the Petition as filed.

    IT IS therefore on this 9th day of August, 2010,

    ORDERED that you have 45 days from the entry of this Notice and Order to file with the Clerk a letter or other written response signed by you advising the Court how you would like to proceed; and it is further

    ORDERED that, if you do not file a signed response choosing one of the above options within 45 days of the entry of this Notice and Order, then the Court will rule on your Petition as filed.


                                     *s/ Dickinson R. Debevoise*
                                     Dickinson R. Debevoise
                                     United States District Judge