**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SHAWN SUTHERLAND,           :
                            :   Civil Action No. 10-3134 (DRD)
         Petitioner,        :
                            :
         v.                 :   **OPINION**
                            :
GOVERNOR CHRIS CHRISTIE,    :
et al.,                     :
                            :
         Respondents.       :

**APPEARANCES:**

Petitioner <u>pro se</u>
Shawn Southerland
235695
6-5-e-S12
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**DEBEVOISE**, District Judge

Petitioner Shawn Southerland, a pre-trial detainee currently confined at Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 since Petitioner is challenging his detention as a pre-trial detainee.[1]  The respondents include New Jersey Governor Chris

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts

Christie, New York Governor David A. Patterson, and the Warden of the Hudson County Correctional Facility. Petitioner paid the $5.00 filing fee.

Petitioner asserts that his extradition from New York to New Jersey violated his constitutional rights and that his detention in New Jersey is unconstitutional. Petitioner does not allege that he has made any attempt to exhaust any of these claims in state court.

Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time due to failure to exhaust, the Petition will be dismissed without prejudice. See 28 U.S.C. § 2243.

### I.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

---

and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Jurisdiction to grant the writ to pre-trial detainees in state custody exists under 28 U.S.C. § 2241. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975). For state prisoners, 28 U.S.C. § 2254 is a post-conviction remedy.

the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## II.   ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1)   federal courts have "pre-trial" habeas corpus jurisdiction;

(2)   that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3)   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a

> constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Exhaustion is required of a state pre-trial detainee seeking a federal writ of habeas corpus. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."

Petitioner has not alleged exhaustion of his state remedies, nor has he alleged any extraordinary circumstances that would justify this Court's exercise of jurisdiction. Moreover, this Petition is dated June 5, 2010, and while Petitioner does not indicate the date of his extradition, it is apparent that the extradition to New Jersey occurred in the recent past.[2]

It does not appear that Petitioner could have exhausted his state remedies in that period of time. Accordingly, there is no basis for this Court to intervene in this pending state criminal proceeding.

---

[2] In a note on Page 5 of the Petition, Petitioner states "Governor warrant issued by N.Y. Governor 4-8-10." This petition was signed by Petitioner on June 5, 2010 and filed in this Court on June 18, 2010. If April 8, 2010 is in fact the date that the extradition to New Jersey occurred, this Petition was initiated less than two months after the extradition to New Jersey.

III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice as unexhausted.[3]  This Court expresses no opinion as to the merits of Petitioner's claims.  An appropriate order follows.

*s/ Dickinson R. Debevoise*
Dickinson R. Debevoise
United States District Judge

Dated: October 26, 2010

---

[3] Should Petitioner be able to demonstrate that he has exhausted these claims in state court, he may move to re-open this matter.